[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15482
Non-Argument Calendar

_____

D.C. Docket No. 03-20492-CV-PCH

ROXANA SAA,

Plaintiff-Appellant,

versus

PITNEY BOWES, INC.,
Miami Lakes, FL.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 24, 2005)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Roxana Saa appeals the district court's denial of her motion to set aside the

jury verdict and for a new trial in her retaliation suit brought under the Family and

Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601, et seq. Saa argues that because the clear weight of the evidence showed that Saa suffered an adverse employment action, the district court erred in determining that the evidence could support the jury's conclusion that Saa abandoned her job at Pitney Bowes, Inc.

The available record[1] and the parties' briefs indicate that the district court did not err in denying Saa's motion to set aside the jury verdict. A judge should grant a motion for a new trial when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." See Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001). (quoting Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir.1984)).

Saa's absence from her work at Pitney Bowes began on January 27, 2001. She was subsequently approved for short-term disability leave by "Time Out," a

---

[1] Saa has failed to provide trial transcripts, as required by Rule 10 of the Federal Rules of Appellate Procedure. Fed.R.App.P. 10(b). Appellants "must provide trial transcripts in the appellate record to enable this court to review challenges to sufficiency of the evidence." Loren v. Sasser, 309 F.3d 1296, 1304 (2002). We "must affirm the district court when an appellant fails to provide all the evidence that the trial court had before it when making various contested evidentiary rulings." Id. Here, the record on appeal contains only those excerpts of the trial transcripts that the plaintiff and defendant elected to attach to their submissions to the district court regarding Saa's motion to set aside the jury verdict. Thus, we evaluate Saa's argument in light of the submissions that are before us.

separate unit within the Disability Department of Pitney Bowes, which administers Pitney Bowes' short-term and long-term disability benefits. Time Out initially approved Saa for short-term disability benefits through February 15, 2001, then extended the disability benefits through March 21, 2001. On April 17, 2001, when Saa had not reported back to work, her supervisor sent her a letter informing her that she had been retroactively terminated effective April 9, 2001.

On the evidence presented, the jury could reasonably conclude that Saa had abandoned her job. A March 1 letter from Time Out extending her benefits through March 21 instructed Saa that she was expected to return to work on the first normally scheduled work day following March 21. On March 28, Saa's supervisor sent her a letter informing her that her short-term disability leave had expired and that if she did not return to work immediately, Pitney Bowes would assume that she had abandoned her job and would terminate her. Her supervisor testified that he received no response to this letter, or to an earlier letter and several phone messages he directed his assistant to leave with her. On April 4, Time Out sent another letter reiterating that Time Out was denying her request for short-term disability benefits beyond March 21 and instructing her that while she may be eligible for FMLA leave, she needed to contact the Atlantic Sales Division no later than April 11, 2001 to discuss any such option. Pitney Bowes also

3

presented evidence which could support a jury conclusion that Saa was able to return to work on the expected date, including a hospital discharge summary and an insurance claim form signed by Saa.

Saa testified that in response to the March 28 letter from her supervisor, she called Pitney Bowes' Human Resources Department and spoke to someone named "Grace." Pitney Bowes, however, provided testimony that while an employee named "Grace" worked for Time Out, there was no Grace in the Human Resources Department at Pitney Bowes. Saa also testified that in response to the April 4 letter from Time Out, she sent a letter on April 9 requesting Pitney Bowes to inform her of her rights regarding disability benefits. However, Saa admitted that she never attempted to contact her supervisor during her absence, and admitted that any communications she made with Pitney Bowes after receiving the April 4 letter from Time Out were not directed to the Atlantic Sales Division, as the April 4 letter had informed her was necessary.

Given the evidence presented by Pitney Bowes regarding the attempts to contact Saa about returning to work, it was not unreasonable for the jury either to discount Saa's testimony about the April 9 letter and her phone call to "Grace," or to conclude that her attempts to contact the company were disingenuous or

inadequate, in light of her failure to respond to her supervisor or to contact anyone else in the Atlantic Sales Division, where she had worked for seventeen years.

**AFFIRMED.**